UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY MISCHLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:20-cv-01863 (UNA) |
| ) | |
| MIKE PENCE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff has filed a rambling complaint consisting of unconnected anecdotes and mostly incomprehensible allegations. She sues eleven named defendants, among other unnamed parties, seeking injunctive relief and monetary damages. As best the court can understand, plaintiff believes there exists a wide-ranging conspiracy at all levels of government intended to harm her through actions of the Federal Bureau of Investigation and various Kentucky state bodies. For

example, she alleges that the Vice President of the United States "abused his authority to send the Department of Justice Federal Bureau of Investigation to be used as political gestapo against [her] . . . because of [an] ongoing conspiracy to constructively appeal the Affordable Care Act through an HHS Medicaid Waiver to Kentucky." She is seemingly aggrieved regarding various determinations made in state court regarding certain domestic and child welfare matters. She alleges that the determinations resulted from a bribery scheme perpetuated by the Administration for Children and Families and executed by the Sixth Circuit and local Kentucky courts.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.

The instant complaint satisfies this standard. Plaintiff also fails establish a basis for federal jurisdiction. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

_____/s/_____
JAMES E. BOASBERG
United States District Judge

DATE:  July 28, 2020