# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMY MISCHLER**, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 20-cv-1863 (TSC)<br>) |
| **MIKE PENCE,** *Vice President of the United States*, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Amy Mischler filed this lawsuit in 2020. Her claims appear to stem from her dissatisfaction with, *inter alia*, an Executive Order relating to "Safe Policing," federal court rulings regarding Kentucky Medicare waivers associated with the Affordable Care Act, changes in the Sixth Circuit Court of Appeal's local rules, her apparent appearance on a Kentucky child abuser list, as well as elder care decisions issued by courts in Florida and/or Kentucky. Mischler alleges a vast conspiracy involving eleven Defendants, including former Vice President Michael Pence, a former United States Ambassador, former Attorney General William Barr, the former Chief Judge of the Sixth Circuit Court of Appeals, the Governor of Florida, a former Kentucky Governor, two FBI agents and Christy Trout Van Tatenhove, the latter of whom has filed a motion seeking dismissal of the claims asserted against her. ECF No. 7. For the reasons set forth below, the court will GRANT the motion.

## I. BACKGROUND

In a long, rambling, and confusing Complaint, Mischler appears to take issue with Van Tatenhove's charitable donations to a foundation. *See* ECF No. 1, Compl. ¶ 33. Mischler also appears to allege that certain federal officials, including judges, were involved in a bribery scheme that purportedly resulted in Van Tatenhove obtaining a government job, favorable legal rulings, and other perks. Compl. ¶¶ 18-19, 33, 54, 121-23 (pp. 33-34),[1] 130 (p. 35) -136, 126, 130 (p. 33), 159, 163. Van Tatenhove was also allegedly involved in a conspiracy implicating Medicaid Waivers and efforts to appeal the Affordable Care Act. *Id*. ¶¶ 53, 121 (p. 33), 130 (p. 35). Finally, Mischler contends that Van Tatenhove was an unregistered lobbyist. *Id*. ¶ 121 (p. 33).

Mischler purports to bring claims under 42 U.S.C. §§ 1985, 5106, and 5108,[2] as well as the First Amendment, Fourth Amendment and Due Process Clauses of the United States Constitution. Compl. ¶¶ 23, 57-101, 179-183, 187. She seeks compensation from a percentage of the federal funds issued to Kentucky and Florida under a variety of federal programs. *Id*. ¶ 203. She also seeks an injunction preventing enforcement in Florida of a June 16, 2020 Executive Order involving Safe Policing for Safe Communities. *Id*. ¶¶ 199, 203.

## II. ANALYSIS

Mischler has not pointed to any legal theory supporting her claims against Van Tatenhove. She has not cited a provision in the statute involving grants for protection of children

---

[1] Page numbers have been added to certain paragraph citations because Mischler uses paragraph numbers 121-130 twice in her Complaint.

[2] 42 U.S.C. Section 1985 makes it illegal to engage in a conspiracy to interfere with civil rights. 42 U.S.C. Section 5106 involves federal grants to states and private entities for the protection of children and prevention of child abuse, while Section 5108 involves monitoring and oversight of these grants.

and child abuse prevention that would permit a private cause of action. It is unclear whether any Constitutional claims would apply to Van Tatenhove because it is unclear whether she was employed as a federal or local government official at the time of the alleged misconduct and, if so, in what capacity. Even if Van Tatenhove had been so employed, Mischler has not proffered any facts supporting liability against her. Instead, Mischler offers hypotheses—rather than facts—about alleged wrongdoing and does not explain how she suffered a legally cognizable harm from such conduct.

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's factual allegations need not establish all elements of a prima facie case, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-515 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28–29 (D.D.C. 2010), but they "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. In addition, the presumption of truth accorded factual allegations at this stage does not apply to a plaintiff's legal conclusions in the complaint, including those "couched" as factual allegations. *Id.* (quoting *Twombly*, 550 U.S. at 555). Mischler's Complaint contains only conclusory statements without reference to facts and therefore cannot survive Van Tatenhove's motion to dismiss.

Mischler's Complaint (which exceeds 206 paragraphs) also does not satisfy Federal Rule of Civil Procedure 8(a), which requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction … [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Iqbal*, 556 U.S. at 678–79; *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet [Rule 8's] liberal pleading requirement." *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013).

Finally, it is not clear that this court would have personal jurisdiction over Van Tatenhove or that venue would be proper in this District, given Mischler's allegations involving conduct that appears to have occurred in Florida and Kentucky.

### III. CONCLUSION

For the reasons set forth above, the court will GRANT Van Tatenhove's motion to dismiss. [3]

Date: July 1, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[3] Indeed, it is not clear Mischler has proffered any cognizable legal claims against any of the Defendants, nor does it appear that this court can assert personal jurisdiction over some of the Defendants or that venue is proper as to some of the alleged claims. However, the court will address these issues—to the extent they arise—once any remaining Defendants respond to the Complaint.