UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY MISCHLER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 20-cv-1863 (TSC) ) |
| MIKE PENCE, *Vice President of the United States*, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Amy Mischler filed this lawsuit in 2020. Her claims appear to stem from her dissatisfaction with, *inter alia*, an Executive Order relating to "Safe Policing," federal court rulings regarding Kentucky Medicare waivers associated with the Affordable Care Act, changes in the Sixth Circuit Court of Appeal's local rules, her apparent appearance on a Kentucky child abuser list, as well as elder care decisions issued by courts in Florida and/or Kentucky. Plaintiff alleges a vast conspiracy involving eleven Defendants, including former Vice President Michael Pence, a former United States Ambassador, former Attorney General William Barr, the former Chief Judge of the Sixth Circuit Court of Appeals, the Governor of Florida, a former Kentucky Governor, two FBI agents and lawyer Christy Van Tatenhove, the latter of whom this court dismissed from this action upon motion. ECF Nos. 26-27. The federal Defendants have now moved to dismiss the claims against them. ECF No. 28. For the reasons set forth below, the court will DISMISS the claims against the federal Defendants for failure to prosecute.

A.  **BACKGROUND**

In the fall of 2020, this court entered its standard *pro se* order advising Plaintiff of her obligation to follow the Federal Rules of Civil Procedure, the court's Local Civil Rules and orders, including rules regarding service of process.  The court warned Plaintiff that failure to do so might result in sanctions, up to and including dismissal of this action.  ECF No. 14.  On October 15, 2020, the court specifically reminded Plaintiff of her obligation to comply with Local Civil Rule 7(c), which requires that "[e]ach motion . . . shall be accompanied by a proposed order," as well as Rule 7(m) which requires that movants confer with opposing counsel prior to filing a non-dispositive motion and indicate whether the motion is opposed or unopposed.  10/15/20 Min. Order.  Sometime later, the court denied Plaintiff's motion for electronic filing privileges because she failed to comply with Local Civil Rule 5.4(b)(2), which provides that a *pro se* party "may" obtain these privileges, with leave of court, upon a motion that includes certain certifications regarding training and access to the internet.  8/16/21 Min. Order.

The federal Defendants filed a Motion to Dismiss on July 23, 2021, ECF No. 28, and this court ordered Plaintiff to respond by August 16, 2021, or the court might treat the motion as conceded.  ECF No. 29.  Plaintiff then filed a timely motion asking for thirty additional days in which to file her opposition.  ECF No. 30.  Although she did not provide a cogent reason why she needed additional time, the court granted her motion and ordered her to file her opposition by September 15, 2021.  8/24/21 Min. Order.

Two days <u>after</u> that deadline, the Clerk of the Court received three documents from Plaintiff, none of which were responsive to Defendants' motion.  First, she submitted a "Notice

of Intent to file [illegible] again Defendant Christy Trout." ECF No. 31. Plaintiff contended that she had obtained exhibits which established that Van Tatenhove's "scheme was much greater than Ms. Mischler [sic] case as the Complaint & Exhibits show." *Id*. Plaintiff did not attach any documents to the "Notice," nor offer any arguments for reconsideration of the Van Tatenhove dismissal. *See id.*

The second document was a "Motion for Extension of Time to [sic] allow for mail in," in which she asked for additional time to mail her opposition "because she [wa]s not allowed to electronically file or email in her responsive pleading to the clerk." ECF No. 32. Plaintiff did not explain what circumstances might have prevented her from submitting the opposition at the same time she filed this motion and the other two documents. *See id*. She did, however, admit that she had not complied with the local rule requiring her to confer with opposing counsel to determine if there was an objection to the motion because of "the time crunch between computer disaster and her writing Complaint by hand from memory." *Id*. She failed to explain why the motion did not contain a proposed order as required by the local rules. *See id*.

The third document was a motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15, in which Plaintiff contended that she was not required to seek leave to amend, but had done so out of an abundance of caution. ECF No. 33. She cited no legal authority supporting this argument, did not obtain the consent of opposing counsel, nor did she attach a proposed order. *See id*. She did attach a handwritten proposed amended complaint, but gave no indication as to how it differed from the original Complaint or how it might have addressed the issues raised in Defendants' motion to dismiss. *See id*. Both the federal Defendants and Van Tatenhove objected. ECF Nos. 34, 35. The court denied the motion to

amend, ordered Plaintiff to respond to the Defendants' motion to dismiss by November 30, 2021, and explained that absent extraordinary circumstances, the court would not entertain a request for additional extensions because it had already granted numerous deadline extensions. ECF No. 36. As it had previously done, the court reminded Plaintiff that if she failed to respond in a timely fashion or failed to address the arguments raised in Defendants' motion, the court might dismiss her action without further notice. ECF No. 29.

On November 9, the order was returned to the Court as undeliverable. ECF No. 37. Because it appeared that the order had been mailed to Plaintiff's prior address, the court entered a new order granting another extension of more than thirty days, thereby making Plaintiff's opposition due by December 15, 2021. 11/10/21 Min. Order. Once again, the court cautioned that it would not entertain a motion for an extension, absent extraordinary circumstances. *Id*.

Five days after the deadline, the court received Plaintiff's "Motion for an Extension of Time to Allow Postal Service to Deliver Motion." ECF No. 38. Plaintiff explained that because she does not have electronic filing privileges and lives in Florida, she cannot drive to the courthouse and therefore mailed the motion and opposition on the due date. *Id.* Plaintiff did not explain what might have prevented her from mailing the pleading sufficiently ahead of the deadline for it to arrive in a timely fashion. Additionally, Plaintiff admitted that she had not "asked the other attorneys whether they oppose this simple procedural motion based on equity to be on the same level field with electronic filing." *Id*. Finally, Plaintiff did not address the arguments the Defendants raised in their motion.

B. **ANALYSIS**

"District courts have inherent power to dismiss a case . . . for a plaintiff's failure to prosecute or otherwise comply with a court order." *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing LCvR 83.23)).  Pursuant to Local Civil Rule 83.23, "dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." LCvR 83.23.  Similarly, Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal under Rule 41(b) "is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985).  A Rule 41(b) dismissal is particularly permissible where "the plaintiff has been previously warned that [s]he must act with more diligence, or if [s]he has failed to obey the rules or court orders." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) (cleaned up).  As the Court of Appeals has recognized, dismissal is appropriate "when lesser sanctions would not serve the interest of justice." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).

Applying these standards, the court finds dismissal appropriate here.  Plaintiff has not pointed to circumstances beyond her control that excuse her failure to timely respond to the federal Defendants' motion, filed almost four months ago, and lesser sanctions would not serve the interests of justice.  Despite receiving numerous reminders about her obligation to follow procedural rules and court orders, Plaintiff repeatedly failed to meet her obligations and repeatedly failed to provide sufficient justifications for doing so, even though the court warned

her that she faced dismissal of this action if she continued down this path.  Indeed, in her most recent filing Plaintiff admits that she ignored the court's deadline by placing her response in the mail <u>on</u> the due date.

Although Plaintiff is not represented by counsel, she is not new to the federal courts or the consequences of failing to comply with procedural rules and court orders.  Indeed, after repeated warnings, this court previously dismissed two of her lawsuits for failure to effectuate service of process.  *See Mischler v. United States Dept. of Health and Human Services*, 19-cv-2493-TSC (DDC); *Mischler v. Dept. of Justice*, 19-cv-2937-TSC (DDC).

"The court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*."  *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011).  Plaintiff's status as a *pro se* litigant "does not constitute a license . . . to ignore the Federal Rules of Civil Procedure," the court's local rules, and orders.  *See Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (cleaned up).[1]

---

[1]  Even if Plaintiff's opposition had been timely, dismissal would have been appropriate because she did not address any of arguments raised by the federal Defendants in their motion. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (treating as conceded those arguments defendant advanced in support of its motion that plaintiff failed to address in the opposition) *aff'd*, 98 F. App'x. 8 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)) (other citation omitted).  Instead, her filing contains close to seventy-five pages of corporate/financial documents, and her eight-page brief discusses alleged criminal activity by certain defendants, a letter to the Chief Justice of the United States Supreme Court, and Plaintiff's concerns regarding certain individuals' financial disclosures.

Moreover, the nature of many claims in the Complaint are unclear.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)-(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata*

C.  **CONCLUSION**

  For the reasons set forth above, the court will DENY Plaintiff's Motion for an extension of the opposition deadline, ECF No. 38, and DISMISS the claims against the federal Defendants for failure to prosecute.

Date:  January 13, 2022

            *Tanya S. Chutkan*
            TANYA S. CHUTKAN
            United States District Judge

---

applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Many of Plaintiff's claims do not meet this standard.