UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMY MISCHLER**, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-cv-1863 (TSC) |
| **MIKE PENCE,** *Vice President of the United States*, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Amy Mischler filed this lawsuit in 2020. Her claims appear to stem from her dissatisfaction with, *inter alia*, an Executive Order relating to "Safe Policing," federal court rulings regarding Kentucky Medicare waivers associated with the Affordable Care Act, changes in the Sixth Circuit Court of Appeal's local rules, her apparent appearance on a Kentucky child abuser list, as well as elder care decisions issued by courts in Florida and/or Kentucky. Plaintiff alleges a vast conspiracy involving eleven Defendants, including former Vice President Michael Pence, a former United States Ambassador, former Attorney General William Barr, the former Chief Judge of the Sixth Circuit Court of Appeals, two FBI agents and lawyer Christy Van Tatenhove, the latter of whom this court dismissed from this action upon motion. ECF Nos. 26–27. The court also dismissed the federal Defendants upon motion. ECF Nos. 39–40. For the reasons set forth below, the court will DISMISS the claims against the remaining Defendants, Florida Governor, Ronald D. DeSantis and former Kentucky Governor, Matt Bevin, as well as dismiss this action without prejudice.

Federal Rule 8(a) requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's claims against Bevin and DeSantis do not meet the Rule 8(a) standard. Plaintiff's allegations against Bevin are indecipherable, fail to establish cognizable claims, or involve claims over which this court has no jurisdiction. *See* Compl. ¶¶ 4–5, 19–20, 30–31, 33, 38–39, 41, 53–54, 86, 101–02, 106–07, 126, 121–27 (pp. 33–34), 129–30 (p. 35), 134–36, 146, 150, 155–56, 159–60, 163, 169–70, 173–76, 188, 190.[1] Plaintiff mentions DeSantis only once and asserts no facts against him. *Id.* ¶ 36. Thus, Plaintiff's Complaint fails pursuant to Rule 8(a).

Plaintiff's complaint fails for another reason; governmental immunity. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

---

[1] Page numbers have been added to certain paragraph citations because Mischler uses paragraph numbers 121–-130 twice in her Complaint.

The Eleventh Amendment to the United States Constitution immunizes a State from suit in federal court, unless immunity is waived.[1]  To the extent Plaintiff is suing these Defendants in their official capacities, she has not demonstrated that their respective states waived immunity. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists.") (citation omitted)).

Accordingly, by separate order, the court will dismiss the claims against Bevin and DeSantis without prejudice.  Because these two defendants are the only remaining defendants, the court will also dismiss this action without prejudice.

Date:  April 7, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1]  The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.  The amendment applies equally to suits brought by citizens against their own states.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).